## BASS v. FIRST NAT. BANK OF ATHENS et al.

### No. 12748.

Court of Civil Appeals of Texas. Dallas.

June 17, 1939.

A. A. Dawson and H. C. Geddie, both of Canton, and Bishop & Parsons, of Athens, for appellant.

Wynne & Wynne, of Wills Point, for appellees.

BOND, Chief Justice.

On June 22, 1935, appellant, H. D. Bass, instituted this suit in the District Court of Van Zandt County, against appellees, The First National Bank of Athens, Texas, and its Trustees, to restrain the sale of his land under the powers of a deed of trust, executed by himself and wife on February 18, 1930, to secure an indebtedness in the sum of $1,000, due February 18, 1933. As grounds for the injunction sought, appellant alleged that the indebtedness had been paid and the lien and powers of the deed of trust extinguished, under circumstances as shall hereinafter be related.

Temporary injunction was issued, restraining sale of the land, which remained in force, under due orders of postponement and continuance, without prejudice to either party, until May 26, 1938.

When the cause came on for hearing before the court, to make the temporary injunction permanent, in limine, the court sustained the special exceptions of appellees to paragraphs numbers 3 and 4 of appellant's amended original petition, which amendment is to the tenor following:

(3) "Plaintiff further alleges that thereafter, on or about the 21st day of February A. D. 1930, the defendants The First National Bank of Athens, Texas, by and through its vice-president and cashier and duly authorized agent, Adrian Ford, proposed to plaintiff that for and in consideration of the execution and delivery to said bank of an instrument in writing conveying one-half (½) of the oil and gas and other minerals in and under and that might be produced from said lands, subject to a then outstanding oil and gas mining lease covering said lands, said bank would accept same in full payment of said note and all sums due thereunder, and that plaintiff accepted said offer and executed such conveyance and delivered same to J. P.

Pickens, under the direction of said bank. That said instrument is recorded in Vol. 214, page 505 of the deed records of Van Zandt County, Texas, reference to which record is made for a description, and the terms and provisions and contents of said instrument. That said conveyance was made to and delivered to the said J. P. Pickens at the instance and request of the said Adrian Ford in the capacity aforesaid."

(4) "Plaintiff alleges that by virtue of said agreement and the execution and delivery of said instrument as alleged above said note and deed of trust were paid off and discharged and satisfied."

Thus, it will be seen that the trial court denuded the amended petition of all allegations on which appellant could offer supporting evidence of payment and extinguishment of the note and powers of the deed of trust; and, in the absence of such allegations and proof of payment, the court necessarily dissolved the temporary injunction, refused appellant a permanent injunction, and entered judgment in favor of appellees for all costs of suit.

The only contention in this appeal is on the action of the trial court in sustaining and not overruling appellees' above special exceptions to appellant's petition. Obviously, such action had the effect of denying to appellant the right to prove that the alleged consummated contract and agreement fully discharged the indebtedness and deed of trust sought to be foreclosed. As against demurrers, it must be assumed, as true, that the Athens Bank, the owner and holder of the note, and beneficiary in the deed of trust, made the alleged agreement and accepted the conveyance in full satisfaction, payment and discharge of said obligation; and, that the conveyance was made and delivered to the grantee therein named, at the instance and request of the Bank's duly authorized agent. Consequently, appellant conveyed his property in consideration of the agreement; he parted with his title in the manner suggested by the Bank. Appellant seeks, in no manner, to change, alter, or amend the alleged written conveyance by parol, nor does the defense of payment involve title or damage to land. Appellant stands on the written agreement as a completed transaction. Such contravenes no provision of the Statute of Frauds, Vernon's Ann.Civ.St. art. 3995. The Bank is

not permitted to accept the benefits of the agreement and deny its accountability.

Therefore, the judgment of the trial court must be reversed and cause remanded, with instruction that the special exception of appellees to appellant's amended petition, involving payment of the note and discharge of the deed of trust, be overruled and the cause tried on the merits alleged; it is so ordered.

Reversed and remanded with instructions.